**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN GAIYATUOPU NETWORK TECHNOLOGY CO., LTD., | |
| Plaintiff, | **Case No.: 1:24-cv-5111** |
| v. | **Judge Jeffrey I. Cummings** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | **Magistrate Judge Beth W. Jantz** |
| Defendants. | |

<u>**PROBABLY OPPOSED EMERGENCY MOTION TO DISSOLVE THE *EX PARTE***</u>

<u>**TEMPORARY RESTRAINING ORDER**</u>

Defendants Shenzhen Aixiong Technology Co., Ltd. d/b/a SWEETFULL® (the "Moving

Defendant")[1], through its undersigned counsel, respectfully move this Court to Dissolve the

Temporary Restraining Order ("the TRO"), and to prevent a preliminary injunction (PI) from

being entered against it. Specifically, Moving Defendant seeks to unfreeze their assets as

---

[1] Moving Defendant's Amazon Store Name includes an "®" mark. SWEETFULL is also Moving

Defendant's trademarks, U.S. Reg. Nos. 6927418, 6307072, 6307070. These trademarks' registered

owner, Fangzhou Chai, is the owner and sole shareholder of Moving Defendant.

**1/15**

Plaintiff has failed to meet the heavy burden to show why the TRO is appropriate.

This motion deserves emergency treatment as the TRO is causing immediate and significant harm to Moving Defendant's business operations, especially during the crucial Thanksgiving sales period, which represents a substantial portion of Moving Defendant's annual revenue, and the continued enforcement of the TRO could lead to irreparable financial loss.

On November 29 at about 9:20 AM CT (the undersigned counsel was and is in China, and the time zone for China is UTC+8), the undersigned counsel emailed Plaintiff's counsels on record to: (1) provide Plaintiff's counsels with actual notice of the motion and to ascertain whether there will be any objection to the motion, (2) confirm the patent-in-suit, as the Complaint was redacted, and the Moving Defendant has not been provided with an unredacted one, (3) ask for available hearing times. *See* **Exhibit 10**. At the time of filing this motion, the undersigned counsel has not received any response other than a read receipt. *See* **Exhibit 11**.

I.     INTRODUCTION

The Moving Defendant is an established business with longstanding presence on Amazon for approximately 9 years, since 2015. *See* **Exhibit 1**, Declaration of Fangzhou Chai. Moving Defendant has invested significant resources in building their reputation and customer base, including but not limited to registering its Amazon Store name SWEETFULL as U.S. trademarks Nos. 6927418, 6307072, 6307070. *See* **Exhibit 2**, Sweetfull Trademarks.

The Court entered the TRO without notice against Moving Defendant on November 15, 2024 that is extended to December 13, 2024. *See* ECF Nos. 21, 28. Upon information and belief,

Plaintiff is likely to move for a PI soon. It is worth noting that, Plaintiff delayed requesting the TRO hearing until November 15, 2024, nearly four months after its memorandum regarding the question of joinder on July 22, 2024. *See* ECF Nos. 18, 19. **Such timing suggests a strategic concern as November 28, 2024 is Thanksgiving, one of the biggest sales events of the year. This timing pressures Defendants into settling this matter instead of litigating the merits**.

The TRO was improperly issued and should be dissolved for the following reasons:

a. Plaintiff fails to demonstrate "immediate and irreparable injury." The alleged damage is speculative and unsupported by specific evidence. Notably, Plaintiff's sales peaked when it filed this case in June 2024. Plaintiff's strategical delay in seeking TRO also supports dissolution.

b. Plaintiff is unlikely to succeed on the merits. First, the apparent similarity between Plaintiff's Patent, USD964544[2], and prior arts shows a very high likelihood that the patent is invalid and/or unenforceable. Or, alternatively, Moving Defendant's products are considered to differ significantly from Plaintiff's Patent and thus are not infringing.

_____

[2] At the time of filing this motion, despite Moving Defendant's request, Moving Defendant has not been provided with an unredacted version of Complaint or information related to Plaintiff's Patent. According to Google Patent search results, Plaintiff, Shenzhen Gaiyatuopu Network Technology Co., Ltd., is the assignee of three U.S. patents: USD964544 Portable fan, USD964629 Light, and USD978455 Dog toy. Since Moving Defendant's product removed by Amazon is a portable fan, and Plaintiff's Counsel was not able to provide a timely response, Moving Defendant reasonably assumes that the patent-in-suit is USD964544, as other possibilities would make Complaint even more frivolous.

c. Asset freeze is improper. Moving Defendant is a well-established business with US trademarks and has appeared to defend themselves, showing no risk of escaping.

d. The balance of hardships and public interest favor Moving Defendant. The TRO threatens to destroy legitimate businesses while any potential harm (if any) to Plaintiff can be compensated with money. The public benefits from a competitive marketplace where innovative products are readily available, particularly from established sellers like the Moving Defendant.

e. The TRO's scope is overbroad, freezing sales proceeds including unrelated products.

In sum, Plaintiff has not met the high standard for a TRO/PI. **The timing and nature of Plaintiff's actions suggest an attempt to disrupt legitimate business operations rather than prevent genuine irreparable harm, constituting an abuse of the *ex parte* TRO mechanism**.

II.      LEGAL STANDARDS

The standard for issuing a TRO is identical to that governing PIs. *See Mays v. Dart*, F. Supp. 3d, 2020 WL 1812381, at *5 (N.D. Ill. Apr. 9, 2004); *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001)). [A] preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis original)). A plaintiff seeking preliminary injunctive relief must establish by a clear showing that: "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Long*, 167 F. Supp. 2d at 990.

If these threshold requirements are met, the court must then balance the harm to the movant if the injunction is denied against the harm to the non-movant if it is granted. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). The court must also consider the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Importantly, the movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet ***just one*** of the prerequisites for a preliminary injunction, the injunction ***must*** be denied." *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir. 1989)) (emphasis added). In order to meet its burden, Plaintiff must support its motion "with evidence" to satisfy "each of the[] elements" required to obtain injunctive relief. *See , e.g., Air Serv Corp. v. Serv. Emps. Int'l Union*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016). If the movant meets these requirements, the Court must then balance the harm the movant will suffer without an injunction against the harm to the non-movant. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

The standard for dissolving a TRO is similar to that for granting one, but with the burden on the party seeking to maintain the TRO. The court must consider whether the TRO is causing irreparable harm to the restrained party and whether changed circumstances warrant dissolution. *See U.S. v. Oregon*, 657 F.2d 1009, 1012 (9th Cir. 1981).

III.     ARGUMENTS

A.  The TRO Should be Dissolved and No PI Shall be Issued

    1.   Plaintiff Has Failed to Show Irreparable Harm.

        i.     Plaintiff Fails to Prove Irreparable Harm

Irreparable harm is the ***"sine qua non"*** for a preliminary injunctive relief." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 Fed. App'x 31, 33 (2d Cir. 2016) (emphasis in original); *see also Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (The first two factors— likelihood of success on the merits and irreparable harm—are the most important as a court may deny a motion for a preliminary injunction if "a party fails to establish either of the two critical factors.") (emphasis in original). Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages. *Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("the injury must be of a particular nature, so that compensation in money cannot atone for it").

Plaintiff alleges that it will be "irreparably damaged through loss of market share." ECF No. 1 at ¶3. But Plaintiff failed to provide any evidence of loss of market share or lost sales. On the contrary, Plaintiff's sales peaked when Plaintiff filed this case in June 2024. *See* **Exhibit 3**.[3]

---

[3] Upon information and belief, including but not limited to the assignment history of the "Gaiatop" trademark (No. 7115206) used by ASIN B09MHFPW6H that shows Plaintiff being the trademark's previous owner, Plaintiff at least benefits from the product's sales. This will be clearer during discovery.

Plaintiff also has not shown that its reputation has been damaged with any specificity. Plaintiff's bare speculation of potential damage cannot demonstrate irreparable harm. *E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704-06 (7th Cir. 2005) (stating that "speculative injuries do not justify" granting injunctive relief, and that a moving party "cannot obtain a temporary injunction by speculating about hypothetical future injuries").

Even assuming Plaintiff could prove that they were losing sales due to the Moving Defendant's conduct, the law is well-established that if "losses are purely financial, easily measured, and readily compensated[,] [t]here is . . . no showing of irreparable harm, and on this ground alone the temporary injunction should [be] denied." *Praefke Auto Elec. & Battery Co.Inc.v. Tecumseh Prods. Co, Inc.*, 255 F.3d 460, 463 (7th Cir. 200l) (internal citations omitted) (holding that movant's alleged harm of lost profits "ha[d] not fallen to a point that threatens solvency" thus did not constitute irreparable harm). Thus, if this Court dissolves the TRO and it is later determined that Moving Defendant infringes, Plaintiff can still be made whole by recovering any economic loss. *See Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*, 165 F.3d 1154, 1157 (7th Cir.1999) (no irreparable harm if "only money is at issue").

      ii.   Plaintiff's Strategical Delay in Seeking TRO Also Indicates the Lack of Harm

Delay in seeking injunctive relief "implies a lack of urgency and irreparable harm." *Ixmation, Inc. v. Switch Bulb Co., Inc.*, 2014 WL 5420273, at *7 (N.D. Ill. Oct. 23, 2014) (internal citations omitted) (denying TRO where plaintiff delayed nearly four and a half months); *Ohio Art Co. v. Lewis Galoob Toys, Inc.*, 799 F. Supp. 870, 887 (N.D. Ill. 1992) ("It

can be inferred from the plaintiff's delay that there is no threat of irreparable harm"). "A party's failure to offer any reasonable explanation for its delay in seeking a temporary restraining order will in and of itself support denial of a TRO." *Snap-On Tools Co. v. C/Net, Inc.*, 1997 WL 33483145, at *11 (N.D. Ill. Oct. 3, 1997) (denying TRO where plaintiff delayed for 2-3 months).

Moving Defendant has been openly marketing and selling the accused products via their Amazon storefront for several years. *See* **Exhibit 1**. Given the visibility of these listings, Plaintiff either knew or should have known of the accused products long before this case, but waited years to file this case. Also, instead of immediately requesting a hearing, Plaintiff **waited about four months to request the hearing for TRO**. *See* ECF Nos. 18, 19. Such delays demonstrate a clear lack of urgency and undermines any claim of irreparable harm.

Thus, Plaintiff cannot sustain its burden of showing immediate and irreparable harm. For this reason alone, the TRO should be dissolved, and no PI should be issued.

2. Plaintiff Cannot Succeed on the Merits of Its Claims.

a. Plaintiff's Patent is Highly Likely to be Invalid

The apparent similarity between Plaintiff's Patent, USD964544, and prior art shows a very high likelihood that the patent is invalid for at least failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 102, 103.

Chinese patent No. CN305809740S (Application Number 201930716341.2; "the '740 Patent"), assigned to Plaintiff on or about March 28, 2024, filed on December 12, 2019, and granted on May 26, 2020, thus is a prior art for Plaintiff's Patent. *See* **Exhibit 5**. The '740 Patent

and Plaintiff's Patent are compared side by side as follows:



| The '740 Patent | Plaintiff's Patent |
|---|---|

The '740 Patent is substantially identical to Plaintiff's Patent, with the only difference in that Plaintiff's Patent additionally includes a circular ring connecting each strip on the back cover as highlighted in the drawing. The aforesaid difference is a conventional ornamental feature in fan products, as disclosed for example in CN306581614S ("the '614 Patent") and KR3009971280000S ("the '000 Patent"). *See* **Exhibit 6 & 7**.



| The '614 Patent | The '000 Patent |
|---|---|

Additionally, Plaintiff's Patent is obvious in light of prior art. The Federal Circuit recently reaffirmed the standard for evaluating the obviousness of design patents, stating that the inquiry

should focus on whether an ordinary designer in the field would have been motivated to modify the prior art design to create the same overall visual appearance as the claimed design, emphasizing the overall visual impression of the design, not on selected individual features. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1299 (Fed. Cir. 2024).

Therefore, Plaintiff's Patent would be obvious over the '740 Patent in view of the '614 Patent or the '000 Patent because an ordinary designer in the field would have been motivated to modify the '740 design to include the circular ring as disclosed in the '614 Patent or the '000 Patent to create the same overall visual appearance as the claimed handheld fan design.

b. Plaintiff Has Not Shown that Moving Defendant's Products Infringe Plaintiff's Patent

If the '740 Patent cannot prove patent invalidity, it will, on the other hand, prove noninfringement. In circumstances where the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art. *See, e.g., Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

Moving Defendant's products differ significantly from the alleged invention claimed in Plaintiff's Patent.[4] A three-way visual comparison test is shown below by showing the Plaintiff's Patent, the '740 Patent, and the Accused Product side by side:

_____

[4] Moving Defendant doubts if Plaintiff has ever purchased Accused Products for evaluation at all.

| No. | Plaintiff's Patent | Moving Defendant's Accused Product | Closest Prior Art (the '740 Patent) |
|---|---|---|---|
| 1 |  |  |  |
| 2 |  |  |  |
| 3 |  |  |  |
| 4 |  |  |  |

With respect to Nos. 1, 2 and 3, Moving Defendant's fan is significantly different from both Plaintiff's Patent and the closet prior design (which are identical); regarding No. 4, the claimed design additionally includes an additional circular ring connecting each strip on the back cover, which is absent from both the closest prior design and Defendant's fan. Stated another way,

Defendant's fan is visually much closer to the nearest prior art than Plaintiff's Patent.

Thus, no patent infringement has occurred because an ordinary observer in the field would not be deceived into believing that Defendant's design is the same as Plaintiff's design.

c. Plaintiffs' State Law Claims Also Lack Merit For Being Preempted by Federal Law

Plaintiff's state claims for unjust enrichment and unfair competition are preempted by federal patent law. *See Bonito Boats, Inc. v. Thunder Craft Boats*, Inc., 489 U.S. 141, 152 (1989) ("Thus our past decisions have made clear that state regulation of intellectual property must yield to the extent that it clashes with the balance struck by Congress in our patent laws."); *JAC USA, INC. v. PRECISION COATED PRODUCTS, INC.*, No. 00 C 3780, at *1 (N.D. Ill. Mar. 24, 2003) (quoting *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 165 F.3d 891, 896 (Fed. Cir. 1998)) ("To the extent that conflict arises in the interaction between state commercial law and federal patent law, federal law must be applied."); *Sears, Roebuck & Co. v. Stiffel*, 376 U.S. 225, 231 (1964) (holding that state unfair competition law cannot be applied to "give protection of a kind that clashes with the objectives of the federal patent laws"); *Hunter Douglas, v. Harmonic Design.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus. v. Karavan Trailers.*, 175 F.3d 1356 (Fed. Cir. 1999) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.").

Even if Plaintiff could establish patent infringement (which it cannot), their state law claims are entirely derivative of its patent infringement allegations and thus cannot stand as

independent causes of action. *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). Plaintiff cannot succeed on the merits of its state law claims.

3. The Balance of Hardships Weighs Heavily in Favor of Moving Defendant

The balance of hardships tilts decidedly in favor of the Moving Defendant. If the TRO remains in place or a preliminary injunction is granted, Moving Defendant faces the potential destruction of their business. The asset freeze has already prevented Moving Defendant from accessing funds needed for basic business operations and causing substantial disruption to their legitimate business. *See* **Exhibit 1**. In contrast, any potential harm to Plaintiff is speculative at best. Plaintiff cannot credibly claim to be losing sales or market share. Any harm to Plaintiff could be adequately compensated by monetary damages if it prevails on the merits.

4. The Public Interest Favors Dissolving the TRO and Denial of Any PI

The public interest is best served by fostering competition and ensuring the availability of innovative products to consumers. *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012). Here, Moving Defendant's products have been available to and purchased by consumers for years, demonstrating public demand. *See* **Exhibit 1**. Removing these products from the market based on dubious patent claims would harm the public interest. Moreover, the abuse of *ex parte* TROs to gain unfair advantage in patent disputes harms the public interest.

5. Plaintiff Has Not Shown that Moving Defendant Will Hide or Move Assets.

Moving Defendant is a well-established storefront, operating on Amazon for many years, and has spent considerable effort in building their storefronts, including but not limited to

registering its Amazon Store name SWEETFULL as U.S. trademarks. *See* **Exhibits 1 & 2**.

Moving Defendant never intends to just cut and run from this lawsuit. Instead, they are now

appearing and vigorously defending themselves from this baseless case. Indeed, it would be

unreasonable for someone who wants to **conceal** themselves to **expose** themselves like this. The

suggestion that Moving Defendant would jeopardize their investments by attempting to hide

assets is not credible and is unsupported by any evidence.

**B.  The Injunctive Relief is Overbroad and Should Not be Issued or At Least Be Modified**

Plaintiff bears the burden of establishing entitlement to an asset freeze, and any such freeze

must be limited to the assets that are the direct proceeds of the sales of accused products. *See,*

*e.g., SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005). Courts have consistently

held that asset freezes must be narrowly tailored to the alleged wrongdoing. *See, e.g., SEC v.*

*Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (holding that a "court may not reach assets on which

the plaintiff can have no equitable claim"). Plaintiff failed to meet its burden to show that

freezing Moving Defendant's entire storefront's proceeds was warranted. The assets that have

been frozen are unrelated to this litigation and extend far beyond the amount by which Moving

Defendant purportedly profited from the alleged wrongdoing. The overbreadth of the TRO is

particularly egregious given that Moving Defendant sells a wide range of products unrelated to

the accused fan. *See* **Exhibit 1**. By freezing all of Moving Defendant's assets, the TRO has

improperly restricted legitimate, non-allegedly-infringing business activities. The current TRO

far exceeds this limitation and should be dissolved or, at minimum, substantially narrowed.

IV.     CONCLUSION

For these reasons, the Court should dissolve the TRO entirely and deny Plaintiff's (future)

motion for a preliminary injunction. Alternatively, if the Court is inclined to maintain some form

of restraint, it should significantly modify the order to:

1. Limit any asset freeze to only those directly traceable to the sale of the accused products;

2. Allow Defendants to access frozen funds for reasonable business operating expenses;

3. Require Plaintiff to post a substantial bond to compensate ALL Defendants for damages

and potential damages caused by wrongful restraint.

By submitting this motion, Moving Defendant expressly reserves all such rights, claims,

defenses, and remedies available at law and equity, including but not limited to, procedural

defenses such as misjoinder, lack of personal jurisdiction, insufficient service of process, and/or

any potential counterclaims, as mentioning these here will exceed the 15-page limit.

DATED: December 1, 2024                     Respectfully submitted,

                                            /s/  Ziqi  Yu

                                            Ziqi Yu (NDIL Federal Bar No. 346236)

                                            procollider@pm.me

                                            166 Geary Street STE 1500 #1841

                                            San Francisco, CA 94108

                                            Telephone: 1 (415) 519-5274

                                            Attorney for Moving Defendant

**15/15**